UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSEPH ANDRADE, *et al.*, Defendant. | Case No.: 2:12-cr-00237-APG-CWH **ORDER GRANTING JULIAN GAYTAN'S MOTION TO PRECLUDE IMPEACHMENT WITH PRIOR CONVICTION OR, IN THE ALTERNATIVE, TO SANITIZE PRIOR CONVICTION** [Dkt. # 135] |

In March 2009, defendant Julian Gaytan was convicted in Arizona state court of conspiracy to commit burglary. Gaytan has filed a Motion [Dkt. #135] in this case to preclude the Government from impeaching him at trial with his prior conviction should he elect to testify. In the alternative, Gaytan seeks to sanitize that prior conviction to remove any reference to the charge of burglary. For the reasons set forth below, the Court grants Gaytan's motion. The Government will not be allowed to impeach him using that prior conviction unless Gaytan voluntarily places that conviction in issue during the trial.

ANALYSIS

 A. <u>Rule 609</u>

 In relevant part, Rule 609(a)(1)(B) provides that evidence of a prior felony conviction "must be admitted [for impeachment purposes] in a criminal case in which the witness is a

1

defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]" "The prosecution bears the burden of establishing that the probative value of admitting a prior conviction outweighs its prejudicial effect." *U.S. v. Bagley*, 772 F.2d 482, 487 (9th Cir. 1985).

To aid in evaluating the admissibility of a prior conviction, the Ninth Circuit has adopted the so-called "Cook Factors," named after *United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979), *overruled on other grounds in Luce v. United States*, 469 U.S. 38 (1984). These five factors are:

> (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.

*Id.* at 1185, n.8, quoting *United States v. Mahone*, 537 F.2d 922, 929 (7th Cir. 1976).

In the present case, the Cook Factors lead to the conclusion that Gaytan's prior conviction should not be admitted. That conviction -- for conspiracy to burglarize a school – tells very little about Gaytan's present truthfulness. The conviction was five years ago, when Gaytan was 15 years old, and he apparently has no intervening arrests or convictions. The events underlying that conviction (conspiracy to steal computers from an unoccupied school) are not sufficiently similar to the present charged crime (conspiracy and interstate travel to invade an occupied home to steal drugs and money). At this stage, it is difficult to determine whether Gaytan's testimony will be important, or how "central" his credibility will be. The evidence of the conviction has very little probative value. On the other hand, the prejudice to Gaytan is significant, as the jury may think "he did it once, he did it again." Overall, the prejudice outweighs the limited probative value. Thus, the conviction is inadmissible under Rule 609(a)(1)(B).

## B. Rule 404(b)

Rule 404(b)(1) prohibits "evidence of a crime, wrong, or other act to prove a person's character" to show that "the person acted in accordance with the character" on another occasion (i.e., propensity evidence). Rule 404(b)(2), however, allows this evidence for other purposes, such as to prove knowledge and intent.

The Ninth Circuit takes an "inclusionary" approach to Rule 404(b). *U.S. v. Curtin*, 489 F.3d 935, 944–45 (9th Cir. 2007) (en banc) (citing *Huddleston v. U.S.*, 485 U.S. 681, 685 (1988)). Rule 404(b) "'embodies an inclusionary rule which admits all evidence of other crimes relevant to an issue in a trial, except that which tends to prove only criminal disposition.'" *U.S. v. Verduzco*, 373 F.3d 1022, 1026–27 (9th Cir. 2004) (quoting *U.S. v. Hearst*, 563 F.2d 1331, 1337 n.3 (9th Cir. 1977)). Nonetheless, the Ninth Circuit also has stated that "extrinsic acts evidence is not looked upon with favor. . . . [T]he defendant must be tried for what he did, not for who he is." *U.S v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994).

Extrinsic act evidence is admissible under Rule 404(b) if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. *Verduzco*, 373 F.3d at 1027 (citing *Mayans*, 17 F.3d at 1181). To fulfill the first element—tending to prove a material point—"the government must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Mayans*, 17 F.3d at 1181 (internal quotation marks and citation omitted).

The Government argues that the prior conviction shows that Gaytan had knowledge of at least one object of the conspiracy and that he intended to carry out the conspiracy. As to knowledge, "the government must prove a *logical connection* between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *Id.* at

1181–82 (emphasis supplied). The first and fourth elements are related: "[s]imilarity is necessary to indicate knowledge and intent . . . because it can furnish the link between knowledge gained in the prior act and the claimed ignorance of some fact in the offense charged." *Id.* (internal quotation marks and citation omitted). The level of similarity required is greater for intent than for knowledge because the "logical connection" required for knowledge may be shown even if the acts are fairly dissimilar. *U.S. v. Ramirez-Jiminez*, 967 F.2d 1321, 1326 (9th Cir. 1992).

As discussed above, the events underlying the prior conviction (conspiracy to steal computers from an unoccupied school) are not similar to the present charged crime (conspiracy and interstate travel to invade an occupied home to steal drugs and money). There is no logical connection between the prior conspiracy and Gaytan's knowledge or intent regarding the present charge. Thus, the conviction is inadmissible under Rule 404(b).

**CONCLUSION**

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant Gaytan's Motion [Dkt. #135] is granted.

DATED this 3rd day of September, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE