# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-cr-00237-APG-CWH |
| Plaintiff, | |
| vs. | **ORDER REGARDING DEFENDANT GAYTAN'S MOTION IN LIMINE RE CHARACTER EVIDENCE [Dkt. # 137]** |
| JOSEPH ANDRADE, et al., | |
| Defendant. | |

Defendant Julian Gaytan filed a Motion [Dkt. #137] to preclude the Government from offering into evidence photographs and text messages retrieved from a cell phone allegedly owned by Gaytan. For the reasons set forth below, the motion is granted in part and denied in part. The Government will not be allowed to offer into evidence the subject photographs, but may be allowed to offer the text messages so long as they are relevant, the proper foundation and authentication are laid, and the messages do not constitute inadmissible hearsay.

## ANALYSIS

### A. Photographs of Guns and Gun Cases.

Gaytan objects to the admission of photographs of gun handles with a distinctive skull artwork and gun cases. First, as demonstrated in Gaytan's brief, the gun handle artwork is not unique, as it and similar gun handles can be purchased on-line from a variety of sources.

1

Second, the photographs do not show Gaytan holding or possessing the guns or cases; nor is there any proof whether he took the photographs or received them from someone else. Third, the guns pictured in the photographs are not the same guns found at the crime scene, and it is impossible to tell whether the cases are the same.

The photographs of the guns are inadmissible to prove that Gaytan possessed a firearm during the burglary or knew that a gun was present during the burglary. Even if the photographs were admissible under Rule 401, the risk of unfair prejudice substantially outweighs their probative value, precluding their admission under Rule 403.

### B. Text messages

Gaytan objects to the use of incoming and outgoing text messages downloaded from the cell phone. The Government intends to offer approximately 32 such text messages. The Government contends that these messages demonstrate Gaytan's knowledge and participation in the crimes as charged in the indictment, Gaytan's knowledge of pending charges against his co-defendants Andrade and Ramirez between the time they were arrested and the time he was arrested, and Gaytan's relationship with co-defendant Andrade.

The text messages are relevant to the Government's case and admissible pursuant to Rule 401. With regard to Rule 403, the risks of unfair prejudice and/or misleading the jury seem quite low compared to the substantial probative value. If the Government can lay the proper foundation, authenticate the text messages, and overcome any hearsay objections, the text messages may be offered into evidence.

////
////
////
////

**CONCLUSION**

Based upon the foregoing, Defendant Gaytan's Motion [Dkt. #137] is granted in part and denied in part, as set forth above.

DATED this 3rd day of September, 2013.

_____
ANDREW P. GORDON
**UNITED STATES DISTRICT JUDGE**