UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH ANDRADE, *et al.*,<br><br>    Defendant. | Case No.: 2:12-cr-00237-APG-CWH<br><br>**ORDER DENYING DEFENDANT GAYTAN'S MOTION IN LIMINE TO PRECLUDE IN-COURT IDENTIFICATION BY WITNESSES WHO WERE NOT PREVIOUSLY SHOWN A PHOTO ARRAY OR WHO FAILED TO IDENTIFY GAYTAN IN A PHOTO ARRAY [Dkt. # 138]** |

Defendant Julian Gaytan has filed a Motion [Dkt. #138] to preclude all in-court identifications of him by witnesses who were not previously shown a photo array of Gaytan and/or those who failed to identify Gaytan in a photo array. For the reasons set forth below, the Motion is denied.

On May 27th, 2012, seven days after the robbery at issue in this case, the police prepared a photo lineup containing the photos of defendants Julian Gaytan and David Duran. Two witnesses, Jesus Medina and Misael Garcia, identified Gaytan in the photo line-up. A third witness, Doris Martinez ("D.M."), did not identify Gaytan in the photo lineup. Another witness, Yuriana Ramirez ("Y.R."), identified another person in the lineup. Gaytan now seeks to preclude in-court identifications by witnesses who were not previously shown a photo array or who failed to identify Gaytan in a photo array (specifically, Y.R. and D.M.).

Witnesses to a crime may testify as to their identification of one or more defendants as a participant in the crime. 18 U.S.C. § 3502. Non-expert opinions are admissible if rationally based on the perception of the witness and helpful to a clear understanding of testimony or the determination of a fact in issue. Fed.R.Evid. 701. Under Rule 701, lay witness identifications are admissible if they are "based upon personal observation and recollection of concrete facts." *United States v. Beck*, 418 F.3d 1008, 1015 (9th Cir. 2005) (quoting United States v. Allen, 787 F.2d 933, 935 (4th Cir. 1986)).

The Supreme Court has set out five factors to consider in determining whether an identification is reliable: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972). The length of a witness's prior exposure to the defendant goes only to the weight of the testimony and does not affect admissibility. *Beck*, 418 F.3d at 1015.

"[I]n-court identification procedures [are improper if they] are so '"unnecessarily suggestive and conducive to irreparable misidentification' as to amount to a denial of due process of law."" *U.S. v. Williams*, 436 F.2d 1166, 1168–69 (9th Cir. 1970) (quoting *Stovall v. Denno*, 388 U.S. 293, 302 (1967)). The key question is whether the circumstances surrounding the identification present a substantial likelihood of irreparable misidentification. *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977). "Short of that point, such evidence is for the jury to weigh." *Id*. The identifying witness must testify based on her independent recollection of the incident that is wholly untainted by police misconduct or other contamination. *See U.S. v. Lumitap*, 111 F.3d 81, 84 (9th Cir. 1997); *U.S. v. Domina*, 784 F.2d 1361, 1368 (9th Cir. 1986).

The court must consider whether the only evidence against the defendant is the in-court identification and, if so, the identification procedure should be as lacking in suggestiveness as is possible. *Domina*, 784 F.2d at 1369. *Cf., Lumitap*, 111 F.3d at 84–85 (allowing in-court identification even though it was the only evidence against defendant).

In the present case, the in-court identification of Gaytan is not the only evidence to be offered against him. His wallet was found at the scene. The Government will attempt to introduce text messages he allegedly sent and received. Evidence may be presented showing that his cell phone was in Las Vegas on the day of the crime. Gaytan made potentially-incriminating statements to authorities in Arizona. Co-defendant Perla Ramirez may testify against him.

Moreover, the suggestive nature of Gaytan sitting at the defendants' table during the identification is reduced by the fact that co-defendant Andrade will be seated there as well. Andrade and Gaytan are the same approximate age and look similar enough to present a potentially confusing choice to an identifying witness. Finally, an in-court identification will occur only if the Government first presents a sufficient foundation that the witness can offer a credible identification. *Neil v. Biggers*, 409 U.S. at 199–200; *Lumitap*, 111 F.3d at 85.

For the foregoing reasons, Defendant Gaytan's Motion [Dkt. #138] is denied.

DATED this 3rd day of September, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE