UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH ANDRADE, *et al.*,<br><br>　　　　　Defendant. | Case No.: 2:12-cr-00237-APG-CWH<br><br>**ORDER DENYING DEFENDANTS GAYTAN'S AND RAMIREZ'S RENEWED MOTIONS TO SEVER**<br>**[Dkt. ## 140, 145]** |

Defendant Julian Gaytan filed a Motion to Sever his trial from the trial of the other defendants. [Dkt. #140.] Defendant Perla Ramirez filed a Joinder. [Dkt. #145.] For the reasons set forth below, the Motion and Joinder are denied.

**FACTUAL AND PROCEDURAL HISTORY**

Defendants Gaytan, Ramirez, David Duran, and Joseph Andrade are charged with, among other things, Conspiracy to Travel in Interstate Commerce in Furtherance of a Racketeering Activity, and Interstate Travel in Aid of a Racketeering Activity. The Defendants are alleged to have traveled from Arizona to Nevada and to have participated in a home invasion robbery. Gaytan previously moved [Dkt. #38] to sever his case from that of his co-defendants, which the court denied. [Dkt. ## 68, 93.]

////

////

## ANALYSIS

Rule 14 permits the court to order separate trials or "provide any other relief that justice requires" if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).

> Rule 14 provides that "[i]f the joinder of offenses or defendants ... appears to prejudice a defendant," then "the court may ... sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Severance is appropriate under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Id.* at 537, 113 S.Ct. 933.

*United States v. Stinson*, 647 F.3d 1196, 1204-05 (9th Cir. 2011). The presumption in favor of a joint trial "expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens to sacrifice time and money to serve on juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once." *United States v. Gaines*, 563 F.2d 1352, 1355 (9th Cir. 1977).

Further, the presumption in favor of joinder is most compelling in cases where the indictment charges a conspiracy, or a crime having a principal and aider-abettors. *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982) (citing *United States v. Kahn*, 381 F.2d 824 (7th Cir. 1967)); *see also United States v. Freeman*, 6 F.3d 586 (9th Cir. 1993) (joint trial appropriate where defendants were charged with conspiracy and aiding and abetting). Where proof of the charges against the defendants is dependent upon the same evidence and alleged acts, as is the case when the charged relationship of the defendants is as conspirators, severance should not be granted except for the most cogent reasons. *Sweeney*, 688 F.2d at 1140. Where evidence of

2

cooperation between the defendants is directly relevant and necessary for the Government to establish the elements of the offenses jointly charged, and there is a substantial overlap in the evidence against each defendant, joinder is especially warranted. *See United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995); *United States v. Patterson*, 819 F.2d 1495, 1502-03 (9th Cir. 1987).

Gaytan contends that severance must be granted because the admission into evidence of statements made by co-defendants Ramirez and Andrade and a phone call Andrade made from jail would violate his rights under *Bruton v. United States*, 391 U.S. 123 (1968).

> "*Bruton* applies only in those few contexts where the statement is so inculpatory as to the defendant that the 'practical and human limitations of the jury system cannot be ignored.'" *United States v. Rahseparian*, 231 F.3d 1267, 1277 (10th Cir.2000) (quoting *Bruton*, 391 U.S. at 135, 88 S.Ct. 1620). In other words, the *Bruton* rule does not apply to "statements that are not directly inculpatory but only inferentially incriminating." *Id.* at 1277; *see Gray v. Maryland*, 523 U.S. 185, 195, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998) (noting that the decision in *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), "placed outside the scope of *Bruton's* rule those statements that incriminate inferentially.").

*United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007). *See also Mason v. Yarborough*, 447 F.3d 693, 695-96 (9th Cir. 2006) ("*Bruton's* protection, however, does not extend to all such statements. *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), specifically exempts a statement, not incriminating on its face, that implicates the defendant only in connection to other admitted evidence."). The statements and transcript of the phone call at issue in this case are not directly inculpatory. Rather, they may incriminate Gaytan, if at all, only inferentially, that is, by reference to other evidence. Thus, they are not necessarily excludable. *Richardson*, 481 U.S. 200. The statements and transcript can be sufficiently redacted to avoid any violation of *Bruton*.

Gaytan next suggests that there is a "reasonable probability" that Andrade will offer testimony that could exculpate Gaytan if the trial is severed, thus obviating the need to redact the statements at issue. However, Gaytan offers no evidence to support this suggestion, and Andrade has not made such an offer. "A trial judge must determine that there is a 'reasonable probability' that exculpatory testimony will be forthcoming and that the codefendant will waive his Fifth Amendment right at a separate trial before a severance is granted." *United States v. Becker*, 585 F.2d 703, 707 (4th Cir. 1978) (citing *United States v. Shuford*, 454 F.2d 772, 778 (4th Cir. 1971)). It does not appear reasonably probable that Andrade would testify at a separate trial for Gaytan, especially if Gaytan's trial took place before Andrade's trial. *Id.* Moreover, even if Andrade testified at Gaytan's separate trial, he would be subject to cross examination that might allow introduction of his prior statements about Gaytan under FRE 801(d).

Finally, Gaytan contends that he will be subject to "spill-over prejudice" as a result of the evidence against co-defendants Ramirez and Andrade. Judges Hoffman and Du previously rejected that argument when considering Gaytan's first motion to sever. [Dkt. #93 at pp. 5-6; Dkt. #68 at pp. 4-5.] Gaytan asserts that new evidence has arisen since the decision on that earlier motion. Even considering the alleged new evidence, the case has not changed sufficiently to overcome the analyses by Judges Du and Hoffman.

## CONCLUSION

For the foregoing reasons, the motions to sever filed by Defendants Gaytan and Ramirez are hereby denied.

DATED this 3rd day of September, 2013.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4